UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ONEWEST BANK FSB, et al.,                                     :
                                                              :
                                      Plaintiffs,             :              ORDER
                                                              :         10-CV-1063 (JG)
                        -against-                             :
                                                              :
JOAM LLC, et al.,                                             :
                                                              :
                                      Defendants.             :
-------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

        Plaintiffs bring this action alleging fraud in connection with a mortgage loan associated

with property located at 1432 14th Street, Brooklyn ("the property").  Defendants Joam LLC, GE

Land Services Inc. d/b/a GE Abstract LLC ("GE Abstract"), The Mortgage Zone, and 85 Pulaski

Street failed to answer or otherwise respond to the complaints and the Clerk of the Court noted

their defaults.  Docket Entries 75, 77.  By Order dated March 26, 2012, the Honorable John

Gleeson referred plaintiffs' motion for a default judgment to me for a report and

recommendation on what relief should be awarded.

        Defendant Joam is in default for failing to respond to the first amended complaint ("1st

Am. Compl."), Docket Entry 5; Defendants Mortgage Zone, GE Abstract and 85 Pulaski were

subsequently added  and served with the third amended complaint ("3d Am. Compl."), Docket

Entry 45.  The claims against Joam in the first amended complaint are repeated in the third

amended complaint.  *Compare* 1st Am. Compl. ¶¶ 19-23, 71-84, 95-98 *with* 3d Am. Compl.

¶¶ 26-30, 84-97, 113-16.  At least one court in this District has held that different defendants

may be held to different complaints where a plaintiff does not serve amended pleadings on all

defendants.  *Finkel v. Hall-Mark Elec. Supplies Corp.*, 2009 WL 3401747, at *2-4 (E.D.N.Y.

Oct. 21, 2009).

It appears that the third amended complaint was never served on Joam. However, the third amended complaint added Deutsche Bank National Trust Company as a plaintiff, and alleges that Deutsche Bank obtained the rights to enforce the mortgage as the loan investor, as opposed to plaintiff OneWest, which is the loan servicer. 3d Am. Compl. ¶¶ 4, 6. It is thus unclear whether the well-plead allegations of the first amended complaint – the last pleading served on Joam – establishes liability to OneWest. Accordingly, no later than April 16, 2012, plaintiffs shall either submit an affidavit of service of the third amended complaint on Joam, or submit a memorandum of law addressing whether the factual allegations of the first amended complaint establish that plaintiff OneWest has standing and is solely entitled to a judgment against Joam. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action); *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (stating that, even after a default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law") (internal quotation marks omitted). *See also OneWest Bank FSB v. Joam LLC*, 2011 WL 6967635, at *6 (E.D.N.Y. July 26, 2011) ("If plaintiffs fail to establish standing . . ., dismissal of all claims against all defendants is warranted.").

Moreover, at least absent a further application by plaintiffs, a determination of damages and any judgment should be deferred to a later stage of this litigation for several reasons. First, in a multi-defendant case,

> where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed

> against the defaulting party, since a separate determination of
> damages would pose the prospect of inconsistent judgments.

*Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (internal quotation

marks and citation omitted).  This principle derives from the Supreme Court's decision in 1872

in *Frow v. De La Vega*, 82 U.S. 552 (1872).  The *Frow* holding has been narrowed to cases

involving true joint liability.  *Friedman v. Lawrence*, 1991 WL 206308, at *2 (S.D.N.Y. Oct. 2,

1991).  *See also Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976).

Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks

joint and several liability in order "'to avoid the problems of dealing with inconsistent damage

determinations.'"  *Lawrence v. Vaman Trading Co., Inc.*, 1993 WL 190266, at *2 (S.D.N.Y.

May 28, 1993) (*quoting In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)).

*See also Clement v. United Homes, LLC*, 2010 WL 4941489, at *2 (E.D.N.Y. Nov. 30, 2010);

*3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp.*, 2006 WL 785272 (S.D.N.Y. Mar. 24, 2006)

(concluding that assessment of damages against defaulting defendants was premature, even

though defendants jointly and severally liable); *Montcalm*, 807 F. Supp. at 978 (same);

*Friedman*, 1991 WL 206308, at *4 (same).  *But see Int'l Gemmological Instit., Inc. v. Rafaeil*,

2005 WL 3880222, at *3 (S.D.N.Y. Aug. 17, 2005) (finding no reason to delay damages

assessment despite concerns of inconsistency).

Determining the damages to be imposed against the defaulting defendants at this stage of

the litigation would pose a risk of inconsistent judgments.  Plaintiffs allege that defendants

Neumann, Erez and Ovits together owned the Brooklyn property, and in 2006 and 2007, entered

into two separate contracts to sell the property.  3d Am. Compl. ¶¶ 27-29, 31, 32.  Neither sale

was properly recorded.  *Id.* ¶¶ 30, 50.  Joam was the first purchaser of the property, 3d Am.

Compl. ¶ 28, and thus its liability, and any judgment against it, is intimately connected with

3

those defendants involved in the first purchase and any recovery plaintiffs may receive from them.  Although plaintiff OneWest names only Joam in its fraud claim, 1st Am. Compl. ¶¶ 95-98, it seeks to hold Joam jointly and severally liable with other non-defaulting defendants for all damages related to the fraud.   Proposed Judgment, Docket Entry 126-13.  Thus, deferring consideration of damages with respect to Joam until after plaintiffs' contested claims are litigated will minimize the risk of inconsistent awards.

With respect to the second purchase of the property, defendant Mortgage Zone is alleged to be the mortgage broker; defendant GE Abstract was allegedly paid to conduct a title search; and 85 Pulaski is said to have provided a fraudulent verification of rent for the mortgagor as part of the mortgagor's loan application.[1]  *Id*. ¶¶ 32, 33, 41, 46, 47.  Plaintiffs bring a claim for unjust enrichment against these three defaulting defendants for the monies paid to each in connection with the mortgage.  Although the amount of any awards against these defendants are separate, their liability is still intimately tied to a finding that the second purchase was fraudulent.

Moreover, Federal Rule of Civil Procedure 54(b) provides that "a court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay. . . ."  If plaintiffs seek to proceed with a damages inquest, or with their claim for an equitable lien, against the defaulting defendants at this stage of the litigation, as opposed to deferring the inquest until the claims against the appearing defendants have been resolved, they shall submit a memorandum of law explaining why this court should conclude that "there is no just reason for delay" pursuant to Rule 54(b).  *See Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 171 (2d Cir. 2002).

---

[1] These three corporate entity defendants are now inactive corporations according to the records of the New York State, Department of State, Division of Corporations.  *See http://appext9.dos.state.ny.us/corp_public/corpsearch.entity_search_entry*.  Although a dissolved corporation may be sued while it is winding down its affairs, *see* N.Y. BUS. CORP. LAW § 1006(a)(4), one of the corporations, The Mortgage Zone, dissolved approximately three years ago, in 2009.

For all these reasons, and absent further application by plaintiffs filed no later than April 16, 2012, this Court will terminate plaintiffs' motion for default judgment, Docket Entry 126, without prejudice to plaintiffs' right to renew the motion after any determination of liability and damages with respect to the non-defaulting defendants. Plaintiffs shall promptly serve a copy of this Order on the defaulting defendants at their last known addresses and file proof of service with the Court.

SO ORDERED.

_____/s_____
Steven M. Gold
United States Magistrate Judge

March 28, 2012
Brooklyn, New York

*U:\eoc 2012\inquests\scheduling orders\onewest stay order.docx*

5